IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK BECKER,<br><br>    Plaintiff,<br><br>    v.<br><br>AKHAN TECHNOLOGIES, INC.<br>and ADAM KHAN,<br><br>    Defendants. | Case No. 23 CV 4191<br><br>Hon. Georgia N. Alexakis |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark Becker owns shares in Akhan Technologies, LLC, formerly known as Akhan Technologies, Inc. In this suit, he alleges that defendants Akhan Technologies, Inc. and Adam Khan breached their fiduciary duty by diluting the value of his stock, denying his voting rights, and making certain decisions about the company without notifying him. He also seeks a declaration of his share of the company and his voting rights. Defendants each have moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. [26, 32]. For the reasons discussed below, the Court grants their motions to dismiss for lack of subject matter jurisdiction.

### BACKGROUND

Akhan Technologies, Inc. was an Illinois corporation founded in 2007 by Adam Kahn. [1] ¶¶ 2, 6; [32-1] at 8. On April 6, 2023, Akhan Technologies, Inc. converted from an Illinois corporation to a Delaware limited liability company ("LLC") called

1

Akhan Technologies, LLC (the Court will refer to this converted entity as "Akhan Tech LLC"). [32-1] at 7–8. Alongside its motion to dismiss, Akhan Tech LLC has attached copies of its Plan of Conversion, Illinois Statement of Conversion, and Delaware Certificate of Conversion, which all confirm that the previous Illinois corporation became a Delaware LLC effective April 6, 2023. *Id.* at 2–9.

Kahn recruited plaintiff Mark Becker to aid him in the formation of Akhan Technologies, Inc., and Becker eventually served as general counsel. [1] ¶¶ 6, 8. According to the allegations in his complaint, Becker received approximately 29% of the corporation's shares upon its founding. *Id.* ¶ 7. Becker and Akhan Technologies, Inc. parted ways sometime in late 2014, and Becker alleges that the company mistreated him in various ways following his employment there. *Id.* ¶ 8. For example, he says that the corporation ceased communicating with him despite his role as a shareholder and denied him his voting rights. *Id.* ¶¶ 9, 35. Becker also claims the corporation created an additional class of stock in order to dilute his shares without his knowledge and made "various baseless claims against [him] and his law firm." *Id.* ¶¶ 13, 44.

Becker filed the present suit in June 2023 seeking a declaratory judgment related to his share of the company and his voting rights. *Id.* ¶ 30. He also brings a claim for breach of fiduciary duty. *Id.* ¶ 31–54. The complaint names both Adam Khan and Akhan Technologies, Inc. (the former Illinois corporation) as defendants, but it does not name Akhan Tech LLC (the new Delaware LLC).

In December 2023, defendant Khan moved to dismiss Becker's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant Akhan Tech LLC separately moved to dismiss Becker's complaint pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).

## Discussion

### A. Proper Defendant Entity

The Court begins with a preliminary question related to the named defendant entity. Becker's complaint names Akhan Technologies, Inc. as a defendant, but that entity has not existed since April 2023 when the Illinois corporation converted to a Delaware LLC. *See* [32-1] at 7–8. In his response brief, Becker makes no attempt to explain why he may pursue this suit against Akhan Technologies, Inc. as a non-entity.

Federal Rule of Civil Procedure 17(b)(2) provides that a corporation's capacity to be sued is determined "by the law under which it was organized." Fed. R. Civ. P. 17(b)(2). Because Akhan Technologies, Inc. was an Illinois corporation, Illinois law governs its capacity to be sued. Relevant here, the Illinois corporate survival statute provides that suits can be brought against any dissolved corporation "within five years after the date of [ ] dissolution." 805 ILCS 5/12.80. Thus, if Akhan Technologies, Inc. were a dissolved corporation, Becker could sue the nonexistent corporation under the Illinois survival statute.

Becker's problem is that Akhan Technologies, Inc. was never "dissolved"—it was converted to a Delaware LLC. And Illinois law provides that a conversion "does

3

not constitute or cause the dissolution of the entity." 805 ILCS 415/206(g). Indeed, under Illinois law, "conversion does not give rise to any rights that an interest holder, governor, or third party would otherwise have upon a dissolution, liquidation, or winding-up of the converting entity." 805 ILCS 415/206(b). Instead of remaining with the original entity, "all liabilities of the converting entity continue as liabilities of the converted entity." 805 ILCS 415/206(a)(3). Because Akhan Technologies, Inc. is not a "dissolved" corporation under Illinois law, Becker has no right to sue it under the Illinois survival statute. Therefore, Becker's claims against Akhan Technologies, Inc. cannot proceed.

To proceed with this suit, then, Becker must name Akhan Technologies, LLC as a defendant. Ordinarily, the Court would provide Becker the opportunity to amend its complaint under Rule 15(a)(2) or to substitute a party under Rule 25(c).[1] However, for the reasons discussed in more detail below, an amendment to name Akhan Technologies, LLC would be futile on jurisdictional grounds.

### B. Lack of Diversity Jurisdiction

"Congress has conferred subject matter jurisdiction on the district courts only in cases that raise a federal question and cases in which there is diversity of citizenship among the parties." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Here, Becker invokes diversity jurisdiction as the sole basis for suing defendants in federal court.

---

[1] Illinois' conversion law anticipates this very scenario. *See* 805 ILCS 415/206(a)(5) ("[T]he name of the converted entity may be substituted for the name of the converting entity in any pending action or proceeding.").

4

Our modern diversity jurisdiction statute establishes federal jurisdiction over "all civil actions where the matter in controversy exceeds" $75,000 and where the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted the diversity statute to require "complete diversity" between the parties. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). That is, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). As the party seeking to invoke federal jurisdiction, Becker bears the burden of establishing that the requirements for diversity jurisdiction are met. *See Smart*, 562 F.3d at 802–03.

Citizenship for diversity jurisdiction purposes is determined at the time the action was filed. *Perry v. Pogemiller*, 16 F.3d 138, 139 (7th Cir. 1993). And since Akhan Tech was an LLC at the time of filing, its citizenship as an LLC is what matters for diversity purposes. An LLC's citizenship is the "citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Kahn and Akhan Tech LLC challenge Becker's claim that complete diversity exists between the parties. Specifically, the defendants contend that complete diversity is lacking because both Becker and William McLaughlin, one of Akhan Tech LLC's members, are citizens of Florida. "The law is clear that when considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact

5

subject matter jurisdiction exists.'" *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008)).

Here, both Kahn and Akhan Tech LLC have put forth separate evidence indicating that McLaughlin is likely a citizen of Florida. Khan attaches to his motion to dismiss the declaration of investigator Robert G. Hanrahan. [26-1] Ex. B ¶ 3. In the declaration, Hanrahan states that one of Khan's attorneys asked him to determine where McLaughlin lives. *Id.* ¶ 4. His subsequent investigation uncovered that McLaughlin lives in New Smyrna Beach, Florida. *Id.* ¶¶ 5–8.[2]

Meanwhile, Akhan Tech LLC attaches to its motion a complaint McLaughlin filed on February 3, 2023, in the Circuit Court of Cook County Chancery Division. *See generally* [32-2]. The first paragraph of the complaint reads: "Plaintiff is, and at all relevant times was, an individual residing in the state of Florida." *Id.* ¶ 1. Certainly, McLaughlin's domicile, not his residence, is the relevant inquiry for diversity jurisdiction purposes. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). But together with the Hanrahan declaration, McLaughlin's residence in Florida casts enough doubt that the Court cannot "assure itself that it possesses jurisdiction." *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

---

[2] Hanrahan's declaration states that, based on his review of numerous public records, McLaughlin has resided at one particular New Smyrna Beach, Florida address, since at least February 2021; that McLaughlin resided at a different New Smyrna Beach, Florida address between July 2016 through February 2021; that McLaughlin has a current Florida driver's license; and that McLaughlin is the corporate officer of a Florida corporation, which uses the same address as McLaughlin's more recent residence in New Smyrna Beach. [26-1] Ex. B ¶¶ 5–8.

Once the defendant proffers evidence calling into question the Court's jurisdiction (as defendants have done here), "[t]he presumption of correctness that we accord to a complaint's allegations falls away and the plaintiff bears the burden of coming forward with competent proof that standing exists." *Apex Digital*, 572 F.3d at 444 (cleaned up). Here, Becker has not put forth any additional evidence to satisfy this burden. Instead, Becker states only that Akhan Technologies, Inc.'s conversion to an LLC was "the latest [ ] in what has been an ongoing series of efforts [ ] to divest Becker and others … of their ownership interest in [ ] Akhan Tech and frustrate plaintiffs' efforts to obtain relief." [39] at 2. In doing so, Becker seems to argue that the defendant entity cannot strategically destroy diversity jurisdiction (and thus avoid being sued in federal court) by restructuring from a corporation to an LLC.

In support, Becker cites to *Dakuras v. Edwards*, 312 F.3d 256 (7th Cir. 2002), but his reliance on that case is misguided. In *Dakuras*, the Seventh Circuit held that a guardian who changed a protected person's domicile by moving the protected person "for improper purposes" was estopped from asserting diversity jurisdiction based on the new domicile. *Id.* at 259 (a guardian "should not be allowed to gain a litigating advantage from having changed their ward's domicile for an improper reason"). But *Dakuras* was clear that, in typical cases not involving guardianships, "if a change in domicile is bona fide, in the sense that the individual really and truly intends to remain in his state of residence, *the motive, even if it is to confer or thwart diversity jurisdiction, is irrelevant.*" *Id.* (emphasis added); *see also Peterson v. Allcity Ins. Co.*, 472 F.2d 71, 74 (2d Cir. 1972) ("So long as [plaintiff] intended to make North Carolina

7

her home at the time she moved there and had no intention then of moving elsewhere, her motive in moving, even if for jurisdictional purposes, is not our concern."). So even if Akhan Tech did convert to an LLC to destroy diversity jurisdiction in lawsuits against it, that motive makes no difference under *Dakuras*.

The Court notes two additional jurisdictional defects present in Becker's complaint. First, the complaint only alleges that Becker is a "resident" of the state of Florida, not that he is a citizen there. [1] ¶ 1. But it is Becker's *citizenship* (determined by his domicile, or where he intends to remain) that is relevant for diversity jurisdiction purposes, not his residence. *See Meyerson*, 299 F.3d at 617 ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."). "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)); *see also Busch v. Lee Enterprises, Inc.*, No. CIV. 09-780-GPM, 2009 WL 4030928, at *2 (S.D. Ill. Nov. 20, 2009) (requiring plaintiffs to "amend their operative complaint … to allege that Busch is a citizen of Illinois, not a resident of Illinois").

Second, Becker's complaint fails to specify defendant Adam Kahn's citizenship. "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). As the proponent of subject matter jurisdiction, it is Becker's burden to show that "*each*

8

defendant is a citizen of a different State from *each* plaintiff," and he has not done so here. *Owen Equip.*, 437 U.S. at 373.

In sum, even if Akhan Tech LLC were a named defendant, Becker would not have met his burden to show that diversity jurisdiction exists. Defendants have produced evidence calling into question whether there is complete diversity with the inclusion of Akhan Tech LLC, and Becker has presented no evidence in response to establish the Court's jurisdiction. Becker has also failed to establish the citizenship of defendant Kahn as well as his own. Because the Court is not assured of its jurisdiction to hear this case, it declines to address Akhan Tech LLC's Rule 12(b)(6) motion for failure to state a claim.

## Conclusion

For the foregoing reasons, the Court grants defendants' Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. [26, 32]. The dismissal is without prejudice, meaning that Becker is free to bring his claim in the appropriate state court of general jurisdiction, or to try again in federal court assuming he can cure the jurisdictional defects the Court has identified. *See In re IFC Credit Corp.*, 663 F.3d 315, 320 (7th Cir. 2011) ("[D]ismissal for want of jurisdiction, not being an adjudication on the merits, is without prejudice.") (citing Fed. R. Civ. P. 41(b)). Defendant Kahn has indicated that he intends to seek attorneys' fees and costs. Any such motion for attorneys' fees and costs is due by November 6, 2024. Becker's response to that motion, if defendants choose to file one, is due by November 20, 2024.

9

_____
Georgia N. Alexakis
United States District Judge

Date: 10/23/24